FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, DIVISION

2023 MAR -6 PM 1:57

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

ROBERT ALLEN SKINNER          2:23CV147 JLBNPM
PLAINTIFF

V

Case #

PAMELA DAVIS
ALEXANDER PAPPAS          "COMPLAINT"
HECTOR Delgado
        DEFENDANT(S)          JURY DEMAND
                              NO ☐   YES ☑

## I COMPLAINT:
42 U.S.C. § 1983

## II PLAINTIFF INFORMATION:

SKINNER, ROBERT ALLEN
#45809
CHARLOTTE County Jail
26601 Airport Road
Punta Gorda, FLORIDA    33982

## III STATUS:
Pre Trial Detainee

# IV DEFENDANT(S) INFORMATION

DEFENDANT 1: PAMELA DAVIS, ET, AL
        CHEIF OF POLICE, Punta Gorda Police Dept..
        1410 Tamiami Trail
        Punta Gorda, Fla. 33950

DEFENDANT 2: ALEXANDER PAPPAS, (Estate)
        DETECTIVE, Punta Gorda Police Dept.
        1410 Tamiami Trail
        Punta Gorda, Fla. 33950

DEFENDANT 3: HECTOR DELGADO
        DETECTIVE, Punta Gorda Police Dept.
        1410 Tamiami Trail
        Punta Gorda, Fla. 33950

# V STATEMENT OF CLAIM

PLACES OF OCCURENCE: Sarasota\Charlotte
                counties), Florida

DATE(S) OF OCCURENCE: MAY 30,2021 thru June 3,2021
                NOVEMBER 16,202 thrue 22,2021

Plaintiffs: V; XIV; IV; 4th Amendment
        Right(s) was violated,

Cont... STATEMENT OF CLAIM V
P. #2

Plaintiff Asserts that the defendants in the following Claims are related, as they "arose" out of the Same transaction; occurances; and/or a Series of transactions, Per 20(a) Fed. R. Civil Proc... for the Purpose of 20(a)(2), Plaintiff asserts that there is a Logicall relation-ship between defendants in the Claims, and the Claims Themselves.

## "CummALitive EFFECTS Doctrine"

Plaintiff asks this Honorable Court to Notice that multiple issues in this "Complaint" can/will violate his "Due Process" Constitutional Right(s) even when No Single issue Rise's error to the level of a Constitutional Violation.

In Providing the "V STATEMENT OF CLAIm", Plaintiff asks this Honorable Court to Accept the Following "Case Summary" to update the Court

cont.. Statement of Claim V
Pg#3

As to what Led to the Submission
of this Complaint.

Plaintiff, Robert Skinner, brings this
"Complaint" against Det. Alexander Pappas,
(and/or his estate); Det. Hector Delgado,
Both under the authority of the Punta
Gorda Police Dept. Cheif of Police, Pamela
Davis, and Pamela Davis.

Plaintiff asserts that the enclosed
Claims of: Perjury; Conspiracy; and "Conspiracy
to interfere with plaintiffs Civil Rights",
are "Central" Claims that instigate the
Violation of the Remainder of Claims,
(#4 thru #9), and Plaintiffs Const. Rights

Plaintiff asserts that the Combined
effects of the enclosed Claims Resulted
in the Violation of his U.S. Constitutional
Rights: 1) Due process (Amend. V-XIV); 2) Right
to "Liberty and Freedom"(Amend V-XIV);
3) Plaintiffs Right to be Secure in his
Person (Amend IV); 4) Right to not be
arrested without Justification (Amen 4);
5) Right to not be Falsly imprisoned, via
Denial of "Liberty/freedom"; 6) Right to

Cont Statement of claim V

fg #4

not be Kidnapped (18 U.S.C. Sec 1201 (a)(i),
violating plaintiffs V and XIV Right to
Liberty\Freedom and his IV Right to be
Secure in his Person.

# CASE Summary

On may 29, 2021 a burglary occured
at the residence of 1035 mAdrid Blvd, Punta
Gorda, Flac. Durring the period of the crime,
a white male was observed by the Neigh-
borel witness, (Roxanne Drew) walking from the
back yard to the front of the house, when
Roxanne Drew confronted the white male,
and asked who he was, and who he was
there to See, he provided the name,
"Robert Skinner", (Plaintiffs name)

Roxanne Drew took a photograph of
the License plate that the suspect "allegedly"
arrived in. Apun the police running the
tag, it came back registered to a mr.
Norman Burnam, who Resided in Sarasota,
Florida, (Believed to be Now deceased).

Roxanne Drew told the police the
name the white male gave her,

Civil Statement of Claim V
P.J.5

(ROBERT Skinner), That name was ran thru the system and plaintiffs Drivers Licence photo appeared... with that picture a photographic line-up, consisting of (6) photos was compiled and presented to the neighbor (witness, Roxanne Drew, Mrs. Drew could not pick out the plaintiff as person (suspect) she came into contact with.

on MAY 30, 2021 Detective alexander Pappas, and detective Hector Delgado of the Punta Gorda Police Dept. went to the residence of the truck owner, (Norman Burnam) in an attempt to get mR. Burnam to "positively" identify plaintiff as, (Suspect in the burglary), mR. Burnam was show numerouse photos of only the plaintiff, wich consisted of D.L. photo; old prison photo's; Ring door bell photo's; and photo's of Plaintiffs tattoos. If mR. Burnam could have positively identified plaintiff as being his "Room-mate", then that gave reason to believe Plaintiff had his truck, wich was at the scene of the burglary. This "Positive-Identification" would have

Been the Nexus For a "AFFADAvit" to
Secure an "arrest warrant" However!
mr. Burnam was not able to identify
the Plaintiff as his Room-mate,

    on June 3, 2021 under the Authority
of Punta Gorda Chief of Police, (Pamela
Davis), Detective Alexander Pappas; and
Hector Delgado, presented an "AFFADAvit"
to the Honorable Judge Gentile to obtain
an "arrest warrant" For Plaintiff's arrest,
(exhibit A;B),

    In Presenting the "AFFADavit", Det.
Alexander Pappas; and Hector Delgado, Swore
"under the Penalties of Perjury", and
under the authority of Pamela Davis,
that Norman Burnam did Positively
identify Plaintiff as being his Room-
mate, and that "Said Room-mate" stole
his truck, thus! giving "Probable Cause"
For the Honorable Judge Gentile to
issue "Arrest warrant" (Issued 6/3/21).

    On 6-18-21, while in the State of
New Mexico, Plaintiff was Arrested on

pg#7

unrelated New Mexico charges. Apon running plaintiffs Name through NCIC, it was discovered that there was an "Active" warrant for his arrest out of Charlotte County, Fla., As a Result, plaintiff was arrested on it as well. (Exhibit B) on 7-8-21 plaintiff was issued a "Fugative Complaint" (exHibit c), in wich he want to his "Fugative from Justice arraignment" on 7/9/21, (Exhibit d), at that time he denied, (still does), that he was person Sought in the "Arrest warrant".

Eventually a 2nd "Governers warrant" was issued, (NEVER Served), Based on the initial "arrest warrant" obtained by Det. Pappas, wich plaintiff alleges wlwas fanlty,(Exhibit F), as it was Secured based on a fanlty/forced "AFFADAVIT"..plaintiff was extradited and arrived at the Charlotte County,Fla, Jail on 11-22-21, and charged via, "INFormation" for Burglary, Grand theft on 12-16-21 (Exhibit G)

p of 3

Plaintiff Submitted a "Executed Fed' Civil Rights" against Sheriff william Prummell, of the Charlotte County Sheriffs; the Charlotte County Sheriffs office; Sheriff Lorenzo Matte, of the Guadalupe County New Mexico Sheriffs office; and the Guadalupe County Sheriffs office, (Case# 2:22-cv-00265-JLB-KCD). Said "Compliant" was screened and transfered to the New Mexico District court (Fed 10th Cir), on 11-21-22 and assigned (Case# 1:22-cv-00901-KWR-KRS). The 11th Circuit terminated 1) william Prummell; 2) charlotte County Sheriffs office; 3) and Guadalupe County Sheriffs office, Leaving Sheriff Lorenzo Mata (who is in the 10th Fed Circ.), as the only defendant.

Plaintiff then Submitted a (state "Petition For writ of habeus Corpus"), in Charlotte County, Fla, (Case 21-CF-1059F), alleging his detention by Sheriff william Prummell was illegal.
On January 13, 2023 Sheriff william Prummell's Lawyers filed a

"Response to Petitioners petition for writ of Habeas Corpus", (EXHIBIT 4), Page#2, Second paragraph (marked *), REFLECTS that <u>ALL</u> warrants; I.E. 1)"Arrest warrant", 2)"Governors warrants", was based on "AFFADAVIT" provided by Det. Alexander Pappas, and Hector Delgado of the Punta Gorda Police Dept., Punta Gorda, Fla.,

(Exhibit I), Breaks down the interview, in minutes/seconds, that Det. Pappas, and Det. Delgado Conducted with MR. Burnam ... [NOTE]... Plaintiff also has (2) copies of "Discovery Disc" Containing interview ..., at no point does MR. Burnam identify the Plaintiff as his Room-mate .. under the authority of Punta Gorda Chief of Police, Pamela Davis, Det. Pappas and Det. Delgado Presented a Falsified "AFFADAVIT" to the Honorable Judge Gentile to Secure and "arrest warrant" for Plaintiff in Criminal case # 21-CF-1059F, Burglary, Grand theft.

(Statement of Facts)

Pg#10

On or about January 6-9, 2023, Seborah Gourisan, esq (Counsel for Plaintiff in Criminal Case# 21-CF-1057F), Did depositions on Det. Hector Delgado, and Det. Delgado maintained his position that Norman Burnam did in fact positively identify Plaintiff as his Room-mate, (wich gave "probabie Cause" for the Honorabie Judge Gentile to issue the "arrest warrant, and Said "arrest warrant" ultimatly Resulted in Plaintiff being extradited & Arrested (again) in Charlotte County.

On Febuary 9, 2023, Seborah Gourisan, esq (Counsel for Plaintiff), Informed the Courts, In open Court, that he is going to submitt whats Called a "Franks Motion", Challenging the validity of the "Affaidavit" and "Arrest warrant". Next Court date on the matter is on April 29, 2023. THE "FRANKS MOTION" was denied where Plaintiff Submitts the following Claim(s) in Support of "Complaint"

BRIEF STATEMENT OF CLAIM V

Pg # 11

[CLAIM #1] [PERJURY]

Plaintiff claims that Detective Alexander Pappas and Detective Hector Delgado, under the authority of Pamela Davis, (chief of Police for Punta Gorda Police Dept), committed Perjury, by Submitting a falsified "AFFADAVIT" to the Honorable Judge Gentile to Secure an "arrest warrant". (EXHIBIT A & B)

Plaintiff asserts that the "Perjed"- "affadavit" is "Central" and the "NEXUS" to the violation of his u.s. constitutional Right(s): 1) "Due process", amend V-XIV; 2) "Liberty/Freedom", amend. V-XIV; 3) Right to be Secure in his person, amend IV; 4) false arrest, amend 4; 5) Right not to be Kidnapped under 18 u.s.c. sec. 1201 (a)(i), as Plaintiffs body was transported over (5) State lines, via extradition.

Plaintiff asserts that Det. Pappas & Det. Delgado, (under the authority of Pamela Davis), Knowingly Presented a falsified "AFFADAVIT" to the Honorable Judge Gentile to Secure "arrest warrant". ① The oath they Swore under was willfull; ② Defendants intended to deciexe; ③ It was lawfully Sworn; ④ The Proceeding was Judicial; ⑤ Defendants

Cont... Statement of Claim V
pg#12

assertation of what was sworn to, was inaccurate; (C) The "False Affidavit" was material to point in question.

Plaintiff asserts that the defendant(s) did in Fact, with deliberate and willfull intent, present a false, forged "affidavit" on June 3, 2021 (under oath), to Honorable Judge Gentile to secure "arrest warrant", wich started the "Snowball effect" in the violation of Plaintiffs U.S. Const. Rights.

## CLAIM #3 Conspiracy

Plaintiff asserts that Detective Alexander Pappas; Detective Hector Delgado, under the authority of Punta Gorda, Fla. Cheif of Police, and Pamela Davis, conspired and/or collaborated with one another to committ "Perjury" on June 3, 2021, wich resulted in the Honorable Judge Gentile to issue an "arrest warrant."

Plaintiff asserts that "arrest warrant" would have never "issued" IF NOT FOR the "conspiracy", and the act of "Perjury". Plaintiff asserts that the act of conspiracy

Cont... Statement of Claim V
pg #13

was Complete once the Honorable Judge
Gentile Signed the "arrest warrant" on
June 3, 2021, Plaintiff Also asserts that the
"Conspiracy" expressed and implied an agree-
ment between the Defendants to committ
the "act" of Lying to Honorable Judge Gentile.

Between May 30, 2021, and June 3, 2021, the
Defendants interviewed a MR. Norman Burnam
in an attempt to get a 'positive Identification"
on Plaintiff as a possible Suspect in a burglary.
MR. Burnam was Shown Numerouse photos of
plaintiff, MR. Burnam could not, and did not,
positively identify plaintiff as person
He knew. However, the defendants did
knowingly and intelligently Conspire in
presenting a "falsified/perised" "Affadavit"
to the "Honorable Judge Gentile", (Swearing
upper Oath), that MR. Burnam Positively
Identified Plaintiff. (EXHIBIT A; G)

Plaintiff asserts that Defendants "Consi-
racy" resulted in the violation of his
US. Const. Rights; V; XIV; IV; 4 (addressed
in the following Claims).

Pg#14

[CLAIM #3 conspiracy to interfere w/ civil rights]

This claim is brought against Detective Alexander Pappas, Detective Hector Delgado, under the authority of Cheif of Police, Pamela Davis of the Punta Gorda Police Dept, and Pamela Davis.

Plaintiff asserts that Defendants did "Knowingly, willfully, and deceitfully" conspire to interfere with Plaintiffs "Civil Rights".

As outlined in the previous claim, the defendants conspired to committ Perjury to obtain an "Arrest Warrant". However, in this claim the plaintiff raises the issue that defendants "conspired to interfere with his Civil Rights", wich is a federal issue.

On June 3, 2021 the Defendants did deliberatly, with intentions to secure an "arrest warrant", approach the Honorable Judge Gentile with a false, perised, un-lawfull "AFFADavit" alleging plaintiff was Positively Identified by Norman Burnam as his Room-mate, (wich was the nexus of the issuance of "arrest warrant"). Based On the "AFFADavit", the warrant was

pg#15

Issued.

The Defendants are "Public officials"
(Detectives for the Punta Gorda Police Dept.),
and know that 1) Lying under oath is a crime;
2) the "Affidavit" was faulty; 3) an "arrest warrant"
would ultimatly result in arrest of plaintiff,
and 4) The arrest would deprive the plaintiff
of his "Right to liberty/freedom", and his Right
to "Due Process". However, plaintiff asserts
that Defendants knowingly Conspired to
interfer with his Civil Rights (that are
Quaranteed under Amend. V; IV; XIV; 4 of
our U.S. Constitution)

[CLAIM]#4 [DUE PROCESS] Amen V; XIV

plaintiff alleges that Det.
Alexander Pappou; Detective Hector Delgado,
under the authority of punta Gorda
Cheif of Police (pamela Davis); and pamela
Davis violated his "Due Process" Rights
Gauranteed thru the U.S. Constitution
Amendment V; XIV; IV; and 4TH
   A) amendment V of the U.S. Constitution
Gauranteei that no one shall be deprived

Cont. Statement of Claim V
Pg#16

of "Life and liberty within due proces of Law".
Amendment XIV further enacts this Rights.
On June 3, 2021 Detective Alexander
Pappas', and Detective Hector Delgado Submitted
a faulty\ Persed "Affadavit" to the Honorable
Judge Gentile to Secure an "arrest warrant"
for the Plaintiff in Criminal Case# 21-CF-1059F,
Charlotte Cnty, Fla., in wich the "arrest-
warrant" issued, (Exhibits A;s), as outlined
in previouse [Claims #2-3], the "Affadavit"
was faulty, and the Defendants not
only Conspired to Committ Purjery', but also
"Conspired to inteffere with his Civil Rights".
Amendment IV of our u.s. Constitution
Gauranteed that the plaintiff had a Right
to be Secure in his person, and that no
warrant Shall issue, but Afer "probable-
Cause", Supported by oath (or) affirmation.
Defendants violated Plaintiffs Right
when the "arrest warrant" was obtained.
On June 18, 2021, while in the State of New
Mexico, the Plaintiff was arrested On
the faulty\ Persed "arrest warrant".
The nexus of the Violation of the
Plaintiffs u.s. Const. Rights begain not

Cont. Statement of Claim V

Pg#17

only when it was issued and plaintiff arrested, but when he was taken from the state of New Mexico, to Charlotte county, Fla. (via a "Governors warrant"). [NOTE]. Plaintiff was being primarily detained in New Mexico on thier Charges.

November 16, 2021 the plaintiff was picked up by an extradition Service called, (Blue Raven Services LLC. Agent Clark), while in Route to Charlotte county, the State of New Mexico, "Nolle fosec", thier Charges (exhibit J). This was on 11-19-21. Plaintiff asserts that once New Mexico Dismissed thier Charges he had the Right to be "Secure in his Person", and enjoy the "Liberty and Freedom" Gaurenteed to him,

Plaintiff asserts that the defendants deprived him of these Rights on June 3, 2021 when they obtained "Arrest warrant" under a faulty "Affadavit"

[CLAIM]#5[FAlse Imprisonment]

Plaintiff asserts that defendants Denied him his "Due Process" Right under Amend. XIV-V, by presenting a faulty/ Persed "AFFADAVit" under Oath, Describing him a Person

Continue Statement of Claim V

Pg #18

to be Seized. In Such Denial, and as a Direct Result of Defendants actions, the Plaintiff is being falsly imprisoned at the Charlotte County Jail, and that the Plaintiffs imprisonment is a Direct Result of the Defendants "Faulty Perised" "affadavit", (that led to an "arrest-warrant"), Because Plaintiff denied he was Person Sought it led to a "Governors warrant", wich in turn resulted in the Plaintiff being hand-cuffed, Shackled, transported accross (5) State lines, under armed agents, against his will, and then delivered to the Care, Custody, and Controll of the Charlotte County, Fla. Jail where he is Still detained, All because of the defendants violating his "Due Process" and "Constitutional Rights".

[CLAIM] #6 [FALSE Arrest]

Plaintiff brings this claim against Det. Alexander pappas, Detective Hector Delgado, under the Authority of Punta

Fire Chief of Line, Pamela Davis, and Pamela Davis for False Arrest.

Plaintiff asserts that he was arrested "without Lawfull Justification". Plaintiff is detained and pending criminal charges in the Charlotte County Jail, based on a "False/Poised" "Arrest warrant" obtained by the Defendants.

Plaintiff was "initially" arrested on "Arrest warrant" in the State of New Mexico on 6/18/21. He was arrested again once he arrived, (via extra-dition), at the Charlotte County Jail 11-22-21. (EXHIBIT(S) K & L)

Plaintiff asserts that his "Arrests" was "without Lawfull Justification", and "absent probable cause", as the "affidavit" (wich was central and the cure to the "arrest warrant"), Did not (Does not provide "truthfull" accounts that plaintiff committed a specific act, (The Specific act(s) in Question being Burglary and Grand theft).

[CLAIM] #7 [Kidnapping]

Plaintiff brings this Claim against Detective Alexander Pappas; Detective Hector Delgado, under the authority of Pamela Davis (Chief of Police of the Punta Gorda Police Dep.), and Pamela Davis.

Plaintiff asserts that he was arrested 6/8/21 (EXHIBIT A/B), in the state of New Mexico for an "arrest warrant" that was faulty/forged, and not authorized by law.

Plaintiff asserts that thier would have never been an "arrest warrant" in the NCIC Database had not defendants committed the acts of "Perjury" and "Conspiracy" (outlined in Claim(s) 1, 2, 3).

Neverless! Plaintiff asserts that he was transported (kidnapped), over (5) state lines, via extradition, against his will. Said transport lasted more than (24) hours.

Plaintiff asserts that said transport was without proper Authority, as the "Governors warrant" (wich was never

Served), was based on the "original" arrest warrant, was considered as a "conspired" and "forced" Affadavit.

Plaintiff asserts that he was Kidnapped, (under Federal Law 18 U.S.C. Sec 1201), as his transport was unlawfull, and that the Defendant(s) actions are in fact a direct Result of Plaintiffs unlawfull transport accross (5) State boundaries.

## OATH

I swear under oath, and by the penalties of Perjury that the enclosed 42 U.S.C. §1983 Complaint is true and Correct to the best of my Knowledge.

DATE: 3-1-23

/S/

NOTARY

/S/ _____ 3/1/2023

Robert Skinner # 45809
Charlotte County Jail
26601 Airport Rd
Punta Gorda, Fla.
33982

JENNIFER L. JORDAN
MY COMMISSION # HH 133899
EXPIRES: June 30, 2025
Bonded Thru Notary Public Underwriters

# VI ADMINISTRATIVE PROCEDURES:

THERE IS NO Administrative Issue

# VII RELIEF:

PLAINTIFF wants This Court To award monetary Relief For Damage(s) In: 1) Actual Damages     1. million
2) Punitive Damages = 1 million
3) Compensatory Damages = 1 million
4) Consequential Damages = 1 million
5) Continuing Damages = 1 million
6) Future Damages = 1 million
7) Hedonic Damages... 1 million
8) measurable Damages... 1 million

For these Damages to be paid in thier official, individual (if deceased estate) Capacity.

For a Law "SKINNER TEST" to be Set in place, that when police officer's ask Judges to issue warrants, for it to be REQUIRED the Judges to listen to Audio Recorded Statements to validate a "positive I.D." was made.

For Defendants to be fired.

VIII LITIGANTS LITIGATION HISTORY:

Plaintiff has a "Pending" 42 U.S.C. § 1983
in the 10th Circuit, that was originally
filed in the 11th Circuit. ( 10th Circuit
Case

NO other 42 U.S.C. § 1983 (or) appeals
has been filed in this Court.

NAME OF CASE [ SKINNER V PRUMMELL
2:22-CV-00265

NATURE OF CLAIM [ 42 U.S.C. § 1983 ]

HOW DID IT END) [ TRANSFERED TO 10th FED
CIR. DIST. OF NEW MEXICO
11-21-22 ] CASE IS STILL
PENDING... THE 11th Federal
Circuit TERMINATED (3)
Defendants: william prummell,
Charlotte county Sheriffs
office; Guadalupe county
Sheriffs office, and trans-
Fered it to the 10th Circuit
(where the only remaining
Defendant Resides).

[X PLAINTIFFS DECLARATION

    UNDER FEDERAL Rule OF Civil Procedure 11, by Signing below, I certify to the best of my Knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose; (2) is supported by existing Law or by a non-frivolous argument for extending or modifying existing Law; (3) The factual contentions has evidentiary support or, if specifically identified, will likely have evidentiary support after a Reasonable Opportunity for further Investigation (or) Discovery; and (4) The complaint otherwise complies with the requirements of Rule 11.

    I Agree to update the Clerks office with any address change.

DATE 3-1-23      /s/

ROBERT ALLEN SKINNER
#45809
Charlotte Cnty Jail
26601 airport RD.
Punta GordA, Fl.
33982